## Harris and Farrow *against* Roland Clapp.

1, A non-resident party cannot under the Statute, on 60 days' notice, be compelled to give security for costs of a suit depending in the Supreme Court. 2, Writ of Error lies on a judgment in a suit commenced by original attachment. 3, On attachment returnable to Circuit or County Courts, it is not necessary that the affidavit should state that the sum sworn to is due after deducting all discounts or offsets due to defendant, or that a regular statement of the account was produced and sworn to, or that the officer's return should shew that the attachment was levied on property in the hands of the garnishee in the presence of one or more credible persons. 4, In attachment against a non-resident there must be an order of the Court limiting the time for the defendant to appear, put in bail, and plead, and notice for publication must issue, or its omission be accounted for. 5, It is not a valid objection to the judgment by default that the garnishee by his plea claimed the property levied on. 6, It is not necessary that the attachment bond should be conditioned for the payment of the costs.

ON the 8th day of *May*, 1822, an attachment was issued by a Justice of the Peace of *Mobile* County, returnable to *Mobile* Circuit Court, at the suit of *Roland Clapp*, a resident citizen of this State, against *Richard Harris* and *Nimrod Farrow*, oath having been made that they " reside out of the " State of *Alabama*, so that the ordinary process of law can- " not be served upon them." The affidavit of the plaintiff in the attachment stated that the defendants " are justly indebt- " ed to him the said *Roland Clapp* in the sum of four thou- " sand four hundred and thirty dollars twenty-three and a " half cents ; that the said *Richard Harris* and *Nimrod Far-* " *row* reside out of the State of *Alabama*, so that the ordi- " nary process of law cannot be served upon them ; and that " the attachment is not sued out for the purpose of vexing " or harassing the defendants, or other improper motive." The Sheriff made return on the attachment " levied on the following slaves," (naming them) " replevied by *Turner* *Starke* ;" and also made his return on a summons to *Turner Starke* as garnishee, " served a copy of this subpoena on *Turner Starke* this 6th of *June*, 1822."

On the 18th day of *November*, 1823, *Turner Starke* filed a paper, entitled his " interpleader," and also entitled as of *May* term 1823, reciting the attachment, and the Sheriff's return thereon, and averring that at the time of issuing and at the time of levying the attachment, the slaves were not the property of *Harris* and *Farrow*, but were his property ; and praying judgment, whether the Court will award execution of the slaves as the property of defendants to satisfy said *Clapp* of his debt, &c. At *April* term, 1824, the plaintiff filed his declaration, and at the same term there was a judgment by default and order for writ of enquiry, the same executed and a verdict rendered for four thousand and thirty dollars and twenty-three and a half cents, and a judgment entered pursuant to the verdict. The death of *Starke*, the garnishee, was suggested, and a Sci. Fa. ordered to be issued against his representatives. In the opinion of the Judge of the Circuit Court, as filed and set out in the Record, it appears that he dismissed the claim of the garnishee made as above mentioned, and ordered that his representatives might

contest the right of property, and overruled the motion for an order for the sale of the property.  *Harris* and *Farrow* prosecuted a writ of Error to this Court.  The assignments of Error are stated in the

DECEMBER, 1824.

Harris & Farrow
v.
Rowland Clapp.

Opinion of the Court delivered by Judge *Saffold.*

In this case two preliminary motions were made on behalf of the defendant in Error ; the first, to dismiss the writ of Error, on the ground that security for costs had not been given pursuant to a notice requiring it ; this motion was attempted to be sustained under the Act of 1807.  (Laws Ala. 350, s. 9.)  This Act directs that suits by non-resident plaintiffs shall be dismissed if security be not given within sixty days after notice requiring it ; and that if the security shall be given, and the fees shall not be paid when due, the Court may enter up judgment against such security.  To render such judgment would be the exercise of original jurisdiction not within the powers of this Court.  In addition to this objection, the notice does not appear to have been given sixty days before this motion.

The second motion to dismiss is on the ground that a writ of Error will not lie on a judgment in a suit commenced by attachment.  It is contended, that as a proceeding by attachment is a creature of the Statute, and a writ of Error purely a common law proceeding, it will not remove a Record in such a case, and the Record can be brought up only by certiorari.  A writ of Error, though a common law process, is in this State regulated by Statute, and directed to be issued on the application of the proper party on any final judgment or decree of a Circuit or County Court.(a)  The motions must be overruled.  We proceed to the consideration of the assignments of Errors.

(a) *Laws Ala.* 168, 199, 481.

1st and 2nd assignments.  The affidavit on which the attachment issued does not state that the sum of money sworn to is due, after deducting all discounts and *offsets,* to the defendants.  It does not appear that a regular statement of the account current was produced and sworn to.

These matters were necessary under the Act of 1807, relative to attachments issued by the Judges of the Superior, Circuit, or County Courts; but the fifth Section of the Act of 1814, concerning Justices of the Peace and Constables, prescribed the requisites of the affidavit and bond, and the fifteenth section authorized any Justice of the Peace to issue an attachment returnable to the Superior Court, if the plaintiff should comply with the requisitions contained in the fifth Section.  By this Section the matters

42

DECEMBER, 1824. by these assignments excepted to as omissions, are not re-- quired.

Harris & Farrow
v.
Rowland Clapp.
—————

3d assignment. It does not appear from the Sheriff's return that the levy of the attachment on the property in the hands of the garnishee was made in the presence of one or more credible persons.

The form of the service of the writ is not prescribed by its mandate. The law prescribing the manner of service was directory to the Sheriff; his return to the writ shews that he has levied on specific property, and that the same has been replevied. The law has prescribed the manner in which the service of ordinary writs of capias shall be made, and it has been decided by this Court that if the officer returned such executed, it is to be presumed that he has executed it as directed by law ; (*a*) the same presump- tion is to be made here ; and if the Sheriff has levied the attachment otherwise than as directed by law, he is res- ponsible.

(*a*) *Mayfield* v. *Allen.* *Wheat* *and Co.* v. *The State. ante,* 274 —199.

The 4th and 5th assignments were not relied on. The 6th is, that judgment by default was rendered before any notice to the defendant had issued to be inserted in the public papers of one or more of the States. The 7th, that no time was limited by the Court for the defendants to ap- pear, put in bail, and plead.

The Statute of 1807 requires that in all suits commenc- ed or prosecuted by attachment, against persons residing out of the (then) territory, the Court shall stay all proceed- ings for such time as they may think necessary, not less than six months nor exceeding one year from the return of the process. And when it can conveniently be done, no- tice shall issue from the Court to the defendant by post, or other conveyance, to be inserted in the public papers of one or more of the States. (Laws Ala. 14.) These de- fendants were non-residents ; and although there appeared to have been been at least two continuances, (one from a failure of the term,) a stay of proceedings does not appear to have been ordered, nor does any notice appear to have issued as required, nor is any reason shewn for the omission.

The defendants appeared, after judgment by default, by Attorney, and moved in arrest of judgment, for the same reasons which are here assigned as Errors. We are of opinion that the defect of notice has not been waived ; that it should have issued as required ; or, at least be shewn by the Record that the Court, for satisfactory reasons; dis- pensed with it.

The 8th assignment is, that the judgment by default was

rendered before it was determined whether the property attached was of the defendants' or of the garnishee.

The claim of the garnishee was only in the form of a plea filed by his Attorney. The claim, to be noticed as such, should have been made by the garnishee in his answer on oath, or in other legal manner. Here it was void, and rightfully dismissed by the Court below.

The 9th assignment is, that the bond given by the plaintiff in the attachment, is not conditioned for the payment of costs.

By the Statute which has been shewn to govern this case, the form of the condition of the bond as prescribed, is, that the plaintiff shall prosecute his attachment to effect, and pay the defendant all such damages as he shall sustain, &c. The condition of the bond in this case is in strict conformity to the Statute. We are therefore of opinion, that all the assignments but the 6th and 7th are insufficient; but that on the 6th and 7th, the judgment and proceedings of the Circuit Court must be reversed back to the declaration, and that the cause be remanded for further proceedings. Laws Ala. 503, s. 8—13, 14, 19. Sec. 5.

*Salle* for plaintiff.

*Elliott* for defendant in Error.

Judge *Crenshaw* not sitting.